GLADYS PHILLIPS SINCLAIR v. SWAN J. PETERSON AND OTHERS.[1]

February 6, 1925.

No. 24,346.

**Evidence warranted permanent injunction against, and $1,500 damages for removal of lateral support to land.**

Record examined and *held* to sustain the findings of fact and to present no error.

*Headnote 1. See Adjoining Landowners, 1 C. J. p. 1224, § 70; p. 1227, § 75.

Action in the district court for Hennepin county to restrain defendants from entering plaintiff's land and to recover $5,000. The

[1]Reported in 202 N. W. 50.

case was tried before Waite, J., who granted judgment for $1,500, and a permanent injunction, against defendant Peterson. From an order denying his motion for a new trial, he appealed. Affirmed.

*Ernest Malmberg* and *Thomas Kneeland,* for appellant.

*Stanley S. Gillam,* for respondent.

PER CURIAM.

Action for damages for trespass and the removal of lateral support along one side of a tract of real estate, owned by plaintiff and constituting her residence property. The case was tried by the court without a jury. Plaintiff was given a permanent injunction against the continuance of the wrongful acts and her damages were assessed at $1,500. Defendant S. J. Peterson appeals from the order denying a new trial.

The case requires no discussion, either of the facts or the law. Both complaint and amended complaint charged a wrongful entry upon plaintiff's property. Therefore, there is no merit in the argument that the action is for the conversion of a certain quantity of earth rather than for trespass. However informal may have been the filing of the supplemental complaint on the eve of trial, there is no showing of resulting prejudice to appellant. It requires something more than mere assertions of counsel to show prejudice to clients and necessitates a holding that the action of the trial court in allowing the filing of an amended or supplemental pleading is an abuse of discretion.

The assignments of error challenging evidence, particularly the opinion testimony, have been considered. They are without substantial merit. There was no abuse of discretion in admitting the opinion evidence. Its weight was for the judge. The result seems as favorable to appellant as could have been expected. With respect to the assessment of damages, as well as the injunction, the findings are sustained by the evidence.

Order affirmed.