STUART HARRINGTON v. A. B. KEEGAN.[1]

February 6, 1925.

No. 24,314.

**Verdict on conflicting evidence not disturbed on appeal.**

Verdict of jury upon question of fact submitted on conflicting evidence will not be disturbed on appeal. [Reporter.]

Action in the district court for Ramsey county against Mrs. A. B. Keegan. The case was tried before Boerner, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $408.06. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Steve A. Ryan,* for appellant.

*Herbert P. Keller* and *George G. Chapin,* for respondent.

PER CURIAM.

Plaintiff and defendant entered into a contract whereby defendant sold to plaintiff the stock of a small grocery and confectionery store theretofore conducted by her, and plaintiff agreed to pay the sum of $400 for the fixtures and good-will of the business, and to pay the wholesale price of the goods then on hand, the amount to be determined by the salesman of a wholesale grocery house. Plaintiff, defendant and the salesman made a list of the goods without fixing the values. This was to be done by the salesman later. As soon as the list was completed, plaintiff paid the $400 and took possession of the store. He conducted the business for 4 or 5 days before the salesman reported the value of the goods. On receiving this report, which showed the goods to be of the value of $686.02, a controversy arose, and resulted in plaintiff giving up the store and defendant resuming possession of it. One Pittelkow had made overtures for the purchase of the store to defendant before the sale to plaintiff, and to plaintiff while he was in possession. A day or two after the store was turned back to defendant, she sold it to Pittelkow for $1,200. After this sale had been made, plaintiff demanded the $400 which he had paid and brought suit to recover it.

Plaintiff claims that he turned the store back to defendant under an agreement that she would repay the $400 if she made a sale to Pittelkow

[1]Reported in 202 N. W. 50.

for $1,200, and that he would stand the loss if she was unable to obtain that amount. Defendant claims that plaintiff refused to carry out the contract for certain reasons which he stated and asked her to return a part of the money he had paid; that she positively refused to return any part of the money and insisted on carrying out the contract; and that he told her she could not compel him to take the store and gave her the keys. They flatly contradict each other. The jury found for plaintiff. The record presents only a question of fact which it is not the province of this court to determine.

Order affirmed.